UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN PINK,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | Case No. C07-5545FDB<br><br>ORDER TO SHOW CAUSE |

    This 28 U.S.C. § 2254 Habeas Corpus petition has been assigned to the undersigned Magistrate Judge. Petition with exhibits in excess of 280 pages long (Dkt. # 1 proposed petition). Petitioner raises 43 separate grounds for relief (Dkt. # 1, proposed petition). Petitioner specifically states his state petitions are still pending (Dkt. # 1, proposed petition, pages 2, 5, 6,and 7).

    While the petition contains defects such as not naming a proper respondent and lack of service copies, the court is most concerned about the claims being unexhausted.

    Before claims may be raised in a federal habeas corpus petition, state remedies must be exhausted. 28 U.S.C. § 2254(b)(1); see also, Rose v. Lundy, 455 U.S. 509 (1982). A claim has been exhausted once it has been fairly presented to the state's highest court and the court has had the

ORDER- 1

1  opportunity to rule on the merits of the claim.  See O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1733-34
2  (1999); Picard v. Connor, 404 U.S. 270, 275-276 (1971); Batchelor v. Cupp, 693 F.2d 859, 862(9th
3  Cir. 1982), cert. denied, 463 U.S. 1212 (1983).

4        A petitioner must present the claims to the state's highest court based upon the same federal
5  legal theory and factual basis as the claims are subsequently asserted in the habeas petition.  Hudson
6  v. Rushen, 686 F.2d 826, 829-830 (9th Cir. 1982), cert denied 461 U.S. 916 (1983); Shiers v.
7  California, 333 F.2d 173, 176 (9th Cir. 1964).  Specifically, a petitioner must apprise the state courts
8  that an alleged error is not only a violation of state law, but a violation of the Constitution.  Duncan
9  v. Henry, 513 U.S. 364, 365-66 (1995).  Vague references to broad constitutional principles such as
10 due process, equal protection, or a fair trail do not satisfy the exhaustion requirement.  Gray v.
11 Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin
12 v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 120 S.Ct. 815 (2000).  A petitioner
13 must include reference to a specific federal constitutional guarantee as well as a statement of the
14 facts that entitle the petitioner to relief.  Gray v. Netherland, 518 U.S., at 162-163.

15       Here, petitioner indicates he raised 36 claims in state court but the matters are "still pending.
16 The court now orders petitioner to **SHOW CAUSE** on or before **November 12, 2007,** why this
17 action should not be dismissed without prejudice as unexhausted.  Failure to respond or failure to
18 prove the claims raised are exhausted will result in a Report and Recommendation that this petition
19 be dismissed without prejudice.

20       The clerk is directed to send copies of this order to petitioner and to note the **November 12,**
21 **2007,** due date.

23       DATED this 9 day of October, 2007.

24
25                                               */S/ J. Kelley Arnold*
                                              J. Kelley Arnold
26                                               United States Magistrate Judge

28 ORDER- 2