UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN PINK,

          Petitioner,

    v.

STATE OF WASHINGTON,

          Respondent.

Case No. C07-5545FDB

ORDER DENYING
OUTSTANDING MOTIONS

      This 28 U.S.C. § 2254 Habeas Corpus petition has been assigned to the undersigned Magistrate Judge.  Petitioner filed two motions the same day he filed his petition.  The motions are a motion to stay the case, and a motion to appoint counsel.  The documents were not entered into electronic system until October 10, 2007 (Dkt. # 6 and 7).  This was one day after the court had entered an order to show cause.

      There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature.  See Terravona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988); Brown v. Vasquez, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  An evidentiary hearing has not been granted in this case.  The motion for appointment of counsel is **DENIED**.

      The Untied States Supreme Court has addressed stay and abeyance of habeas corpus

ORDER- 1

1  petitions.  <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  A district court has discretion to stay a petition,

2  but the court's discretion has had limits placed on it by the passage of the Antiterrorism and Effective

3  Death Penalty Act, AEDPA.

4      When a petition is stayed the stay must be structured to address the timeliness concerns

5  reflected in AEDPA.  A petition should not be stayed indefinitely and limits should be placed on the

6  petitioner.  Here, the petitioner asks for an indefinite stay.  Petitioner has not shown there is a danger

7  he will be time barred if this petition is not stayed.

8      The information petitioner has placed before the court shows a direct appeal was granted and

9  a second direct appeal is now pending (Dkt. # 6).  Thus, it does not appear any of the one year

10 federal time limit has run. 28 U.S.C. § 2244(d) provides as follows:

11     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
       person in custody pursuant to the judgment of a State court.  The limitation period shall run
12     from the latest of-

13         (A)  the date on which the judgment became final by conclusion of direct review or
           the expiration of the time for seeking such review;
14
15         (B)  the date on which the impediment to filing an application created by State action
           in violation of the constitution or laws of the United States is removed, if the applicant was
           prevented from filing by such State action;
16
17         (C)  the date on which the factual predicate of the claim or claims presented could
           have been discovered through the exercise of due diligence.

18     (2)  The time during which a properly filed application for State post-conviction or other
       collateral review with respect to the pertinent judgment or claim is pending shall not be
19     counted toward any period of limitation under this subsection

20     The motion to stay is **DENIED.**

21     The clerk is directed to send copies of this order to petitioner, and to remove (Dkt. # 6 and 7)

22 from the court's calendar.

23
24     DATED this1 day of November, 2007.

25             /S/ *J. Kelley Arnold*
26             J. Kelley Arnold
               United States Magistrate Judge
27

28 ORDER- 2