UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN E. PINK,

    Petitioner,

    v.

STATE OF WASHINGTON,

    Respondent.

Case No. C07-5545FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
DECEMBER 21, 2007**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### **INTRODUCTION AND DISCUSSION**

    Petitioner filed a petition with exhibits in excess of 280 pages raising 43 separate issues. Petitioner admits in the pleading that his issues are still pending in the Washington State Court system (Dkt # 5). On October 9, 2007, the court entered an order to show cause why the petition

REPORT AND RECOMMENDATION- 1

should not be dismissed as the issues are unexhausted (Dkt # 8).  In that order the court noted other defects in the petition as well, such as, not naming a proper respondent.  Petitioner filed a motion to stay the proceedings and a motion for appointment of counsel the same day the order to show cause issued (Dkt # 6 and 7).  Those motions have been denied (Dkt # 11).

Petitioner then filed a second motion to stay the proceedings, a motion to supplement the record, and a letter admitting his petition was filed prematurely and asking for return of the copies of the documents (Dkt # 13, 14, and 15).  The time for responding to the order to show cause had elapsed. This petition is unexhausted and should be **DISMISSED WITHOUT PREJUDICE.**

## DISCUSSION

A.   Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Petitioner still has claims in state court by his own admission.  (Dkt. # 5 and 15).  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made.  Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).  The claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.  Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION- 2

1 appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

2 72(b), the clerk is directed to set the matter for consideration on **December 21, 2007** as noted in the

3 caption.

4     Dated this 26 day of November, 2007.

 

                                          */S/ J. Kelley Arnold*
                                          J. Kelley Arnold
                                          United States Magistrate Judge

28 REPORT AND RECOMMENDATION- 3